UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PERRICIA EVANS

                Plaintiff,

     -*against*-

THE CITY OF NEW YORK,
POLICE OFFICER EVAN GALES, *Shield No.:23302*,
POLICE OFFICER JOHN DOE #1,
POLICE OFFICER JOHN DOE #2,
POLICE OFFICER JOHN DOE #3 *and*
DETECTIVE JANE DOE

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Index No.: 16-cv-6296

**PLAINTIFF DEMANDS TRIAL BY JURY**

        Plaintiff, PERRICIA EVANS, by her attorneys, Kenneth J. Montgomery and Alexis G. Padilla, complaining of the defendants, THE CITY OF NEW YORK, Police Officer EVAN GALES ("Defendant P.O. GALES"), Shield No.: 23302, Police Officer JOHN DOE #1, Police Officer JOHN DOE #2, Police Officer JOHN DOE #3 and Detective JANE DOE, upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

        1.     This is a civil rights action in which the plaintiff, PERRICIA EVANS, seeks relief for the defendant's violation of her rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

**PARTIES**

5. Plaintiff is of full age and resides in Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant P.O. GALES was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. GALES acted

under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant P.O. JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant P.O. JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was

acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant P.O. JOHN DOE #3 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant P.O. JOHN DOE #3 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

11. Defendant Detective JANE DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, Defendant Detective JANE DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of her duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in her by the City of New York and the New York Police Department, and was otherwise performing and engaging in

conduct incidental to the performance of her lawful functions in the course of her duty. She is sued individually and in her official capacity.

## STATEMENT OF FACTS

12. On or about May 6, 2016 at approximately 9:00 p.m. Plaintiff was in her home at 196 Clinton Avenue in Brooklyn, when police officers from the 88th precinct, including the defendants P.O. GALES and P.O.'s JOHN DOE 1-3, came to her door accompanying the younger of her two sons.

13. The police informed Plaintiff that her son had dialed 911 and requested that police escort him home. The police asked Plaintiff to talk about the situation and she invited them in, though at the time that they arrived she was in the process of getting ready to leave for work that evening.

14. Also present at this time was Plaintiff's older son, who was seated on the couch in the living room when the police arrived.

15. Prior to bringing Plaintiff's younger son home that evening, officers from the 88th Precinct had encountered the young man as the victim of an assault. The perpetrator of the assault was another young man known to Plaintiff through family and community ties.

16. The officers began to question Plaintiff about this situation and plead with her and her younger son to cooperate in the prosecution of the son's attacker.

17. Plaintiff declined to cooperate because she had already spoken with the young man and his family and considered the matter a resolved issue.

18. The officers then became agitated and continued to insist that Plaintiff and her son cooperate with their prosecution of the son's attacker.

19. After about fifteen minutes of back and forth, Plaintiff asked the officers to leave.

20. Defendant P.O. GALES then said that the apartment smelled like marijuana and suggested that he would use this as the basis for an arrest and a search warrant for the premises if Plaintiff did not reconsider her unwillingness to cooperate.

21. Shortly thereafter, more officers arrived on the scene, including Defendant Detective JANE DOE.

22. After a brief discussion outside of Plaintiff's earshot between Defendant Detective JANE DOE and the other officers, Plaintiff was handcuffed and placed under arrest. Plaintiff's oldest son, who was seated on the couch the entire time, was also handcuffed and arrested.

23. The officers then took the two of them downstairs while they continued to question Plaintiff's younger son in their apartment.

24. Downstairs, Defendant P.O. JOHN DOE #3 asked Plaintiff if there was marijuana in the apartment and she denied any knowledge of marijuana in her home. Defendant P.O. JOHN DOE #3 then asked Plaintiff's older son if there was marijuana in the apartment and Plaintiff's older son told them that there was a small bag that belonged to him and that could be found in the side pocket of the living room couch.

25. Defendant P.O. GALES then put Plaintiff in the back of a police vehicle and transported her to the 88th Precinct, where she remained for the next twenty-two (22) hours.

26. From the 88th Precinct, Plaintiff was taken to central booking at Hoyt Schermerhorn where she remained for an additional twenty (20) hours before being arraigned and released pursuant to an Adjournment in Contemplation of Dismissal (ACD).

27. The single charge against Plaintiff – unlawful possession of marijuana – was formally dismissed on May 12, 2016.

## **AS FOR A CAUSE OF ACTION**

*Deprivation of Rights protected by 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution as against all defendants*

28. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

29. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

30. At all times during the events described above defendants lacked probable cause to charge plaintiff with any criminal offense.

31. All of the aforementioned acts of defendants were carried out under the color of state law.

32. All of the aforementioned acts of defendants deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

34. The acts complained of deprived plaintiff of her rights:

   A. To be free from false arrest;

   B. To be free from unwarranted and malicious criminal prosecution;

   C. To be free from deprivation of liberty without due process of law; and

   D. To receive equal protection under the law.

## SECOND CAUSE OF ACTION

*Failure to Intervene under 42 U.S.C. § 1983 as against Defendants Police Officers John Doe 1-3 and Detective Jane Doe*

35. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

36. The Defendant Police Officers are liable for the above-stated actions of their co-defendants due to their failure to intervene and stop Plaintiff's illegal detention when Defendants knew or should have known that Plaintiff's rights were being violated.

37. The Defendant Police Officers each had a duty to intervene to prevent an obvious violation of rights by a fellow officer.

38. The Defendant Police Officers each had a reasonable opportunity to intervene.

39. The Defendant Police Officers each failed to intervene to prevent the violation of Plaintiff's rights.

40. As a direct and proximate result of the Defendant Police Officers' failure to intervene Plaintiff suffered injuries and damages as stated herein.

## THIRD CAUSE OF ACTION

*Municipal Liability under 42 U.S.C. § 1983 against the City of New York*

41. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers. The conduct of the Defendant Police Officers was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

43. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to batter-ram a citizen's door, invade their home with guns drawn, ransack their belongings and then simply leave when it became apparent that this was not the place they thought it was – all in flagrant violation of their sworn oath to uphold the Constitution.

44. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

45. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

46. The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: November 14, 2016

Brooklyn, NY

By:    */s/Alexis G. Padilla*
      ALEXIS G. PADILLA [AP8285]

KENNETH J. MONTGOMERY, PLLC.
ALEXIS G. PADILLA, ESQ.
*Attorneys for Plaintiff*
*Perricia Evans*
198ª ROGERS AVE.
BROOKLYN, NY 11225
917-238-2993
Alexpadilla722@gmail.com